UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINCETTA YVONNE CARGILL, <br><br> Petitioner, <br><br> v. <br><br> ISRAEL JACQUEZ, <br><br> Respondent. | Case No. C22-1159-LK-MLP <br><br> REPORT AND RECOMMENDATION |

### I.   INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Quincetta Cargill is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington. She has presented to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which she challenges the validity of the restitution order entered by the United States District Court for the Northern District of Alabama following her 2020 conviction in that Court.[1] (*See* dkt. # 1 at 1-2; *see also United*

---

[1] Petitioner failed to submit with her petition the requisite filing fee or an application to proceed *in forma pauperis*. The Clerk's Office advised Petitioner of this deficiency, and Petitioner attempted to correct it by submitting the $5 filing fee on September 14, 2022. (*See* dkt. ## 1, 3, 5.) Unfortunately, the fee was erroneously applied to another of Petitioner's cases, C22-1288-LK-BAT, and thus the filing fee deficiency in this case remains unresolved. However, because this Court is recommending that the instant action be dismissed for lack of jurisdiction, the Court deems it unnecessary to require that the filing fee deficiency be corrected at this juncture.

REPORT AND RECOMMENDATION
PAGE - 1

*States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE (N.D. Ala.) (case closed September 16, 2020)). Petitioner has also filed in this action what she identifies as an "emergency motion" to cease enforcement of the challenged restitution order. (Dkt. # 4.) This Court, having reviewed Petitioner's petition, recommends that this action be dismissed. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (district court may summarily dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief).

## II.     DISCUSSION

In February 2020, Petitioner was convicted in the Northern District of Alabama on charges of conspiracy to commit mail and wire fraud and witness tampering. *See Cargill*, Case No. 2:17-cr-00356-RDP-JHE (N.D. Ala.), dkt. ## 169, 246. Petitioner was sentenced in September 2020 to a term of 180 months confinement. *Id.*, dkt. # 282. Included in the Court's judgment and sentence was an order that Petitioner pay restitution in the amount of $1,096,668.68. *Id*. Petitioner appealed, and the United States Court of Appeals for the Eleventh Circuit recently issued an opinion affirming Petitioner's convictions and sentences. *See United States of America v. Cargill*, Case No. 20-13507, 2022 WL 4375292 (11th Cir. Sept. 22, 2022).

While Petitioner's case was pending on appeal, she twice attempted to file in the Northern District of Alabama motions under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. *See Cargill v. United States of America*, Case No. 2:21-cv-8024-RDP (N.D. Ala.), dkt. # 11 (motion dismissed October 27, 2021); *Cargill v. United States of America*, Case No. 2:22-cv-8002-RDP (N.D. Ala.), dkt. # 2 (motion dismissed April 1, 2022). On both occasions, Petitioner's motions were dismissed without prejudice as premature based on the fact that her appeal was still pending. *See id*.

Petitioner has also submitted to this Court for consideration three petitions for writ of habeas corpus under 28 U.S.C. § 2241 seeking relief from her Northern District of Alabama convictions and sentences. In addition to the instant petition, Petitioner filed a petition challenging her conviction on grounds that she was not competent to stand trial and is therefore actually innocent of the crimes of which she was convicted. *See Cargill v. Israel*, C22-900-LK-SKV (W.D. Wash.) (Report and Recommendation issued Aug. 11, 2022). Petitioner also filed a second petition challenging the lawfulness of the restitution order entered by the Northern District of Alabama, which is largely duplicative of the instant petition. *Cargill v. Israel,* C22-1288-LK-BAT (W.D. Wash.) (Report and Recommendation issued Sept. 16, 2022).

As a general rule, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (citing *Lorentsen* v. *Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). Section 2255 allows a federal prisoner claiming that her sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In contrast, § 2241 provides an avenue for prisoners to "challenge the manner, location, or conditions of a sentence's execution," and such petitions must be brought in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

Though Petitioner styles her pleading as a petition for writ of habeas corpus under § 2241 it is, in effect, a motion under § 2255 as it challenges the validity of the sentence imposed in her Northern District of Alabama case. As with the other § 2241 petitions filed by Petitioner in this Court, Petitioner appears to once again be seeking to circumvent the normal process for challenging her federal convictions and sentence because of her frustration over the sentencing

court having rejected her attempts to seek relief under § 2255 before her appeal was resolved. However, now that the Eleventh Circuit has issued its opinion on Petitioner's direct appeal, the impediment to her seeking relief under § 2255 in the proper district court appears to no longer exist.

In sum, because Petitioner seeks collateral relief from the sentence imposed by a federal judge in the Northern District of Alabama, her challenge must be brought via a motion under § 2255 which, as explained above, must be filed in the sentencing court as this Court lacks jurisdiction to consider it.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 1) be dismissed for lack of jurisdiction. This Court also recommends that Petitioners' emergency motion to cease enforcement of the restitution order entered in her underlying criminal case (dkt. # 4) be denied as it seeks the same relief as the petition itself. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 28, 2022**.

//

//

DATED this 4th day of October, 2022.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5