UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINCETTA YVONNE CARGILL,<br><br>      Petitioner,<br> v.<br><br>HOWARD BARRON,<br><br>      Respondent. | CASE NO. 2:22-cv-01159-LK<br><br>ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING IN PART AND DENYING IN PART HABEAS PETITION |

   This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Michelle L. Peterson, recommending denial of Quincetta Yvonne Cargill's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Dkt. Nos. 1, 6. Ms. Cargill timely objected to the R&R. Dkt. No. 7. Having reviewed Judge Peterson's recommendations, Ms. Cargill's objections, and the relevant record, the Court modifies the R&R as set forth below.

# I. BACKGROUND

Ms. Cargill is currently confined at the Federal Detention Center in SeaTac, Washington. *See* Dkt. No. 1 at 1.[1] She is serving a 180-month sentence after being convicted of conspiracy to commit mail and wire fraud, as well as witness tampering. *See United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE, Dkt. No. 282 (N.D. Ala. Sept. 16, 2020). At trial, Ms. Cargill represented herself with the assistance of "hybrid counsel." *Id.* at 1. In addition to her term of confinement and supervised release, Ms. Cargill was ordered to pay $1,096,668.68 in restitution to the Internal Revenue Service. *Id.* at 3, 6. Ms. Cargill appealed her conviction, and the United States Court of Appeals for the Eleventh Circuit affirmed the district court's rulings during the pendency of the instant habeas proceedings. *United States v. Cargill*, No. 20-13507, 2022 WL 4375292, at *1 (11th Cir. Sept. 22, 2022) (per curiam).

Ms. Cargill's habeas petition in this case challenges the restitution ordered in her underlying criminal case and her participation in the Bureau of Prison's ("BOP") Inmate Financial Responsibility Program ("IFRP"). Dkt. No. 1 at 6–8.[2] Ms. Cargill also filed an "emergency motion" requesting that the Court halt the restitution order. Dkt. No. 4 at 1. The R&R recommends denying Ms. Cargill's petition for lack of jurisdiction because although she "styles her pleading as a petition for writ of habeas corpus under § 2241 it is, in effect, a motion under § 2255 as it challenges the validity of the sentence imposed in her Northern District of Alabama case." Dkt.

---

[1] In her petition, Ms. Cargill properly named Israel Jacquez as respondent because at the time of filing, Jacquez was the warden of FDC SeaTac, the facility where Ms. Cargill is detained. Dkt. No. 1 at 1; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that the proper respondent to a habeas petition is the person with "immediate custody" over the petitioner); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (same). During the pendency of these proceedings, however, Howard Barron replaced Jacquez as warden. Accordingly, the Court substitutes Barron as respondent because he is Ms. Cargill's current immediate custodian. *See* Fed. R. Civ. P. 25(d); Federal Bureau of Prisons, *FDC SeaTac Admissions & Orientation Handbook*, https://www.bop.gov/locations/institutions/set/set_ao-handbook.pdf?v=1.0.0 (last visited Sept. 18, 2023).

[2] The Court notes that Ms. Cargill has filed two other habeas petitions under 28 U.S.C. § 2241 in this district: *Cargill v. Jacquez*, No. 2:22-CV-00900-LK (W.D. Wash. June 25, 2022) and *Cargill v. Jacquez*, No. 2:22-CV-01288-LK (W.D. Wash. Sept. 12, 2022).

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING IN PART AND DENYING IN PART HABEAS PETITION - 2

No. 6 at 3. Accordingly, the R&R concludes that "her challenge must be brought via a motion under § 2255" in the Northern District of Alabama, and also recommends denying Ms. Cargill's "emergency motion." *Id.* at 4.

Ms. Cargill's objections to the R&R largely rehash her petition and also argue that the restitution order has created conditions of confinement properly challenged in a habeas petition under Section 2241. *See* Dkt. No. 7 at 3 ("[T]he restitution order . . . imposed by the court as part of the sentence[] has created a harsh environment and has created an economic hardship that makes it nearly impossible to survive prison under the circumstances[.]"); *see also id.* (claiming that "the restitution amount was falsified"); *id.* at 4–5 (describing the difficulties imposed on her by the IFRP).

## II. DISCUSSION

### A. Standard of Review

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

### B. Ms. Cargill's Claims Challenging the Restitution Amount Fall Within the Scope of Section 2255(a) and the Court Therefore Lacks Jurisdiction

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING IN PART AND DENYING IN PART HABEAS PETITION - 3

execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam); *accord Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). There is an exception to this general rule, though, "termed the § 2255(e) 'escape hatch,'" that "permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020) (cleaned up); *see also* 28 U.S.C. § 2255(e). The Ninth Circuit has held that the escape hatch exception applies when the prisoner (1) claims actual innocence, and (2) has not been afforded an unobstructed procedural shot at presenting that claim. *Allen*, 950 F.3d at 1188; *see also Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

Here, Ms. Cargill has not claimed actual innocence or, more fundamentally, shown that she has been deprived an unobstructed procedural shot at presenting such claim with respect to the restitution ordered by the sentencing court. As the R&R stated, and as Ms. Cargill has been previously advised by other courts, the next step after direct appeal of her conviction and sentence is to pursue a motion under Section 2255 in the Northern District of Alabama. *See* Dkt. No. 6 at 4; *Cargill v. U.S. Sent'g Comm'n*, No. 2:20-CV-01066-AKK-JHE, 2020 WL 6164463, at *1 (N.D. Ala. Sept. 25, 2020) ("Should Cargill not receive the relief she seeks on direct appeal, she must then proceed through a motion to vacate pursuant to § 2255, rather than a petition pursuant to § 2241."), *report and recommendation adopted*, 2020 WL 6164429 (N.D. Ala. Oct. 21, 2020). In fact, Ms. Cargill has filed such a motion: on August 3, 2023, she filed a motion under Section 2255 to vacate, set aside, or correct her sentence in the Northern District of Alabama. *Cargill v. United States*, Case No. 2:23-cv-8022, Dkt. No. 1 (N.D. Ala.). That matter is still pending.[3]

---

[3] Ms. Cargill also filed a motion to vacate her conviction and sentence in *United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE, on August 2, 2023. *See id.* at Dkt. No. 399.

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING IN PART AND DENYING IN PART HABEAS PETITION - 4

In addition, the Court notes that even if Ms. Cargill could bring her motion in this district, she cannot file a second or successive petition under Section 2255 unless she makes a prima facie showing to the appropriate court of appeals that the petition contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (2023).

Accordingly, the Court adopts the R&R's conclusion that Ms. Cargill's challenge to aspects of her underlying conviction and sentence, including the resulting order of restitution, must be brought under Section 2255. *See* Dkt. No. 1 at 6–7 (challenging restitution amount in Grounds One through Three of habeas petition). The Court finds no basis for jurisdiction over such claims, and for the same reasons denies Ms. Cargill's emergency motion to cease enforcement of the restitution order. To the extent she seeks to correct, modify, or adjust her restitution order, Section 2241 is not an appropriate vehicle for doing so. *See* 18 U.S.C. § 3664(o)(1).

**C.   Ms. Cargill's IFRP Claim Falls Within Section 2241 But is Without Merit**

With respect to Ms. Cargill's claim in Ground Four regarding her IFRP participation, *id.* at 8, such claims may be raised in this Court under Section 2241, as they contest the execution of her sentence. *See, e.g.*, *Rice v. Thompson*, No. 21-16200, 2021 WL 6103019, at *1 (9th Cir. Dec. 22, 2021) ("[Petitioner]'s challenge . . . to the execution of the restitution award . . . is properly raised in a § 2241 habeas petition."); *United States v. Armstead*, No. CR04-512-JLR, 2010 WL 11679206, at *1 (W.D. Wash. Aug. 26, 2010) ("[A]ny challenge to the execution of [petitioner's] sentence, including the payment of restitution, should be brought as a habeas petition under 28 U.S.C. § 2241[.]"). "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241," unless doing

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING IN PART AND DENYING IN PART HABEAS PETITION - 5

so would be futile. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Ms. Cargill claims futility and submits correspondence appearing to reflect her attempts to administratively raise this issue. *See* Dkt. No. 1-1 at 4–5, 9. The Bureau of Prisons has informed her that it is "simply follow[ing] the court order for you to pay a minimum of $25 a quarter." *Id.* at 4–5, 9. However, even if exhaustion would have been futile and is therefore waivable, *see Ward*, 678 F.3d at 1045–46, Ms. Cargill's IFRP claim is foreclosed by *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008).

In *Lemoine*, the Ninth Circuit held that "the BOP's operation of the IFRP does not constitute an unlawful delegation of authority to schedule restitution repayments in violation of the [Mandatory Victims Restitution Act]," and that where the sentencing court sets a restitution repayment schedule, the BOP maintains the authority to impose consequences on inmates who refuse to participate in the IFRP. 546 F.3d at 1046; *see also Ward*, 678 F.3d at 1047. Here, the sentencing court stated in relevant part that "[d]uring the period of incarceration, [Ms. Cargill] is to make payments of $25.00 per quarter." Dkt. No. 1-1 at 1 (copy of restitution portion of judgment in underlying proceeding); *see also* Dkt. No. 7 at 7 (noting Ms. Cargill's enrollment in the IFRP); *United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE, Dkt. No. 282 at 6. Therefore, the BOP has the authority to create a financial plan for Ms. Cargill through the IFRP and to impose penalties if she fails to accept its terms. *Lemoine*, 546 F.3d at 1046; *see also* 28 C.F.R. §§ 545.10–545.11. While the Court is sympathetic to Ms. Cargill's claims regarding the economic realities of life while incarcerated, she has not provided a basis for habeas relief.

### III.    CONCLUSION

The Court, having reviewed Ms. Cargill's petition for writ of habeas corpus under 28 U.S.C. § 2241, the R&R, Ms. Cargill's objections, and the remaining record, hereby finds and ORDERS:

1.     1.     The Report and Recommendation is approved and ADOPTED AS MODIFIED, Dkt. No. 6.

2.     2.     Grounds One through Three of Ms. Cargill's federal habeas petition challenging her conviction and sentence, Dkt. No. 1 at 6–7, are DISMISSED for lack of jurisdiction.

3.     3.     Ground Four of Ms. Cargill's federal habeas petition challenging her IFRP participation, *id.* at 8, is DENIED.

4.     4.     Ms. Cargill's emergency motion to cease enforcement of the restitution order, Dkt. No. 4, is DENIED.

5.     5.     The Clerk is DIRECTED to send copies of this Order to Ms. Cargill and to Judge Peterson.

Dated this 18th day of September, 2023.

*Lauren King*

Lauren King
United States District Judge

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING IN PART AND DENYING IN PART HABEAS PETITION - 7